## Case No. 17,665.

### WILKINS v. JORDAN.

[3 Wash. C. C. 226.] [1]

Circuit Court, D. Pennsylvania. April Term, 1813.

PRACTICE IN EQUITY — NOMINAL DEFENDANT—ANSWER UNDER COMMISSION—DISSOLUTION OF INJUNCTION—NOTICE.

1. Under special circumstances, as if the defendant in a bill for an injunction be merely nominal, the court will, on the application of the party really interested, though not a party on the record, direct the answer of the nominal party to be taken under a commission; and notice of such an application to the court, is not necessary.

2. Notice of a motion to dissolve an injunction must be given, unless the cause has been set down for dissolution, in a reasonable time before the motion is made.

The complainant filed a bill in this court, praying an injunction against a judgment obtained here—which was granted. The defendant forwarded his answer, and afterwards an amended answer, in which he states that he had, long before the institution of the action at law in his name against the complainant, assigned over to one West all his right and title, claim and demand, against the complainant; and that the suits at law were instituted by said West, and carried on at his expense;—that he made also a general assignment of the residue of his property, for the benefit of all his creditors, to whom he delivered over his books, and of course cannot give a distinct answer to many of the allegations in the bill. Upon an affidavit of West, that these answers are not full and satisfactory, and a suggestion that they had not been fairly taken, a motion was made for a commission to take the defendant's answer.

WASHINGTON, Circuit Justice. This motion is not objectionable on account of its novelty, as we know that in England, answers taken in the country are always under a dedimus potestatem to commissioners. The practice in this country, so far as we are acquainted with it, is otherwise; nor should we like to adopt, generally, that which prevails in England. But when the defendant is merely nominal, and has not the means, and probably might not have the inclination, to give as full an answer as the case admits of, and the interest of the party really interested demands, we should think it entirely proper to issue a commission, upon the application of the real party in the cause; particularly when it is considered, that if the answer be insufficient, the complainant alone has the power to except—which he will never do, if the answer suits his purpose. As the plaintiff, if he means nothing but what is fair, (and in this case we see no reason for suspecting the contrary,) cannot possibly be injured by the defendant's answer being taken under a commission, no notice of such a motion is necessary. But the motion to dissolve the injunction in part, cannot be listened to without a previous reasonable notice, either in writing, or by setting it down for that purpose, a sufficient length of time before the motion is made, to allow the complainant to take affidavits to support his bill.

In this case, we shall direct a commission to issue for the reasons before mentioned, and not on account of any alleged impropriety of conduct in the plaintiff or his agents. Were this the only ground for such a motion, we should require notice to the adverse party, that he might be prepared with counter-affidavits, if he thought proper.